# IN THE COURT OF APPEALS OF IOWA

No. 19-0312
Filed March 4, 2020

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**MARCUS A. HALL,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Polk County, Scott D. Rosenberg,

Judge.

        Defendant appeals his convictions for possession of methamphetamine

with intent to deliver and failure to affix a drug tax stamp.  **AFFIRMED.**

        Ashley M. Sparks of Cooper, Goedicke, Reimer & Sparks, P.C., West Des

Moines, for appellant.

        Thomas J. Miller, Attorney General, and Kevin Cmelik, Assistant Attorney

General, for appellee.

        Considered by Doyle, P.J., and Tabor and Schumacher, JJ.

**SCHUMACHER, Judge.**

Marcus Hall appeals his convictions for possession of methamphetamine with intent to deliver and failure to affix a drug tax stamp. Because all of the evidence Hall objected to on hearsay grounds was cumulative to other evidence in the record, we conclude the evidence was not prejudicial. We do not consider Hall's arguments concerning the offense of conspiracy to deliver a controlled substance because he was not convicted on that offense due to the merger of convictions. There is substantial evidence in the record to support Hall's convictions for possession of methamphetamine with intent to deliver and failure to affix a drug tax stamp. We affirm his convictions.

## I. Background Facts & Proceedings

Elizabeth Foster was the tenant of a two-bedroom apartment. In order to help with expenses, Foster rented out her apartment's east bedroom. Foster had her possessions in the north bedroom. When a previous tenant moved out in October 2017, Hall moved into the east bedroom. Foster gave Hall a key to the apartment and to a common area in the basement of the building. Foster became concerned because there was an "overabundance" of traffic in and out of Hall's bedroom. Foster would answer the door and let people into the apartment. She sometimes purchased methamphetamine from Hall.

Police officers had the apartment, which had its own outdoor entrance, under surveillance. They observed a large amount of foot traffic coming and going from the apartment. An officer observed Hall entering the apartment. A receipt for a cell phone in Hall's name was found in a dumpster behind the apartment building.

On February 7, 2018, at approximately 6:00 a.m., police officers executed a search warrant at the apartment. Hall, Foster, and a female guest were present. Officers found paperwork addressed to Hall in the pocket of a shirt in the east bedroom's closet.[1] Hall's cell phone was on the floor next to a futon. There were 0.16 grams of loose crystal methamphetamine on the nightstand. Officers also found a digital scale on top of a dresser. A baggie containing 11.56 grams of methamphetamine was found inside a vent in the east bedroom. Additionally, officers found drug paraphernalia in the bedroom. Hall had the keys to the apartment and $164 in cash on his person.

In the north bedroom officers found two digital scales and a cell phone associated with Foster. Foster had a second cell phone with her in the living room when officers arrived. Text messages on Foster's cell phones showed she assisted in setting up times for people to come over to meet Hall, and she let them into the apartment.

Foster talked to Officer Brady Carney on the day the search warrant was executed. She told Officer Carney that Hall lived in the apartment, she was concerned about the number of people coming and going from Hall's bedroom, and she sometimes bought methamphetamine from Hall. In a deposition on March 29, 2018, Foster denied many of the things she previously told Officer Carney. Foster was charged with perjury after her deposition.

Hall was charged with conspiracy to deliver a controlled substance, in violation of Iowa Code section 124.401(1)(b)(7) (2018); possession of a controlled

---

[1] The address for Hall on the paperwork was his parents' home.

substance with intent to deliver, in violation of section 124.401(1)(b)(7), second or subsequent offense; and failure to possess a drug tax stamp, in violation of section 453B.12. The State alleged Hall was a habitual offender.

At Hall's criminal trial, Foster testified in accordance with her original statements to Officer Carney. She stated she had agreed to tell the truth at the trial. On cross-examination, Foster was questioned about contrary statements during her deposition. As a result of the cross-examination concerning Foster's contrary statements in her deposition, Officer Carney testified about his conversation with Foster on February 7. Defense counsel made several objections to Officer Carney's testimony on the grounds of hearsay, which were overruled by the district court. Officer Carney also testified the amount of methamphetamine found in the vent in the east bedroom was not consistent with personal use, but was consistent "[w]ith someone involved in drug dealing or drug trafficking."

A jury found Hall guilty of all three charges. Hall admitted to his previous criminal offenses, and the court determined he was a habitual offender. Hall filed a motion for new trial, claiming there was not sufficient evidence in the record to support his convictions and the court had erred by admitting hearsay evidence. The district court denied the motion for new trial.

The sentencing order provides, "Counts I and II merge and the defendant is adjudged guilty and sentenced only in Count II." Count I was the conspiracy charge, and this merged into the charge of possession with intent to deliver. Hall was also sentenced on Count III. Hall was sentenced to a term of imprisonment not to exceed forty years on the charge of possession with intent to deliver and

fifteen years on the charge of failure to affix a drug tax stamp, to be served concurrently. Hall appeals his convictions.

## II. Hearsay Evidence

Hall claims the district court erred by overruling his hearsay objections to Officer Carney's testimony about Foster's statements to him. We review the district court's ruling on hearsay objections for the correction of errors at law. *State v. Walker*, 935 N.W.2d 874, 879 (Iowa 2019).

Hall objected to the following pieces of Officer Carney's testimony: (1) Hall was living in the apartment; (2) Hall had keys to the apartment; (3) there was "a lot of activity" that took place inside the apartment; (4) Hall helped Foster pay expenses; (5) Hall "always had money in his pockets"; and (6) Foster was involved in selling methamphetamine.

During the proceedings, defense counsel requested a standing objection, which the court granted.[2] After this, Officer Carney testified Foster told him people came to her apartment "for drug activity." The officer stated Foster admitted she purchased drugs from Hall. He also stated, "Near the end of our conversation she explained that she never meant for her apartment to get to this point, that things had essentially—," and defense counsel objected on hearsay grounds.

"Hearsay is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Iowa R. Evid. 5.801(c). In general, hearsay evidence is not admissible

---

[2] Standing objections are disfavored because they "make appellate review infinitely more difficult and, for the litigants more uncertain." *Atkinson v. Manor Care Health Servs., Inc.*, 723 N.W.2d 449 (Iowa Ct. App. 2006).

unless it comes within one of the exceptions to the hearsay rule. Iowa R. Evid. 5.802. "[A]dmission of hearsay evidence over a proper objection is presumed to be prejudicial error unless the contrary is affirmatively established." *State v. Nims*, 357 N.W.2d 608, 609 (Iowa 1984). "One way to show the tainted evidence did not have an impact on the jury's verdict is to show the tainted evidence was merely cumulative." *State v. Elliott*, 806 N.W.2d 660, 669 (Iowa 2011). "Tainted evidence that is merely cumulative does not affect the jury's finding of guilt." *State v. Plain*, 898 N.W.2d 801, 813 (Iowa 2017), *overruled on other grounds by State v. Lilly*, 930 N.W.2d 293 (Iowa 2019).

Hall objected to Officer Carney's testimony that Foster stated Hall lived in the apartment. During the trial, Foster testified Hall lived in the apartment. Additionally, evidence was presented to show Hall had the keys to the apartment on his person, paperwork addressed to him was in the pocket of a shirt in the closet, his cell phone was in the bedroom, an officer observed Hall entering the apartment, and a receipt with Hall's name was found in a dumpster behind the building. Office Carney's testimony was cumulative and not prejudicial on the issue of whether Hall was living in the apartment. Similarly, Foster testified she gave Hall keys to the apartment and the keys were found on Hall's person. Officer's Carney's testimony that Foster told him Hall had keys was cumulative to the other evidence concerning Hall's possession of the keys.

Hall also objected to Officer Carney's testimony that Foster stated Hall helped her with expenses. Foster testified during the trial that she had trouble paying all of her bills and rented out a bedroom in her apartment to help with her finances. Moreover, Officer Carney testified that Foster told him "[Hall] always had

money in his pockets." Other admitted law enforcement testimony established that Hall had $164 in his pocket when officers searched him. We conclude Officer Carney's testimony was cumulative on these issues.

Officer Carney's testimony concerning Foster's statement about the number of people coming and going from the apartment is cumulative to her trial testimony. An officer who had the apartment under surveillance testified there were a number of people coming and going from the apartment. This is also related to Officer's Carney's testimony that Foster stated there was "drug activity" in the apartment. Foster testified to this during the trial and stated she purchased methamphetamine from Hall. Furthermore, there was evidence the amount of methamphetamine found in the east bedroom was not consistent with personal use but was consistent "[w]ith someone involved in drug dealing or drug trafficking." We conclude Officer Carney's testimony about the amount of traffic to the apartment and "drug activity" was cumulative to other evidence in the record.

Hall objected to Officer Carney's statement that many of Foster's text messages "involved someone reaching out to Ms. Foster to see if Mr. Hall was there." He also objected to the testimony that Foster "explained that she never meant for her apartment to get to this point, that things had essentially—." Foster testified she became concerned due to the "overabundance" of people coming to the apartment and this caused her to be suspicious. She testified she was the person who answered the door and let people into Hall's bedroom. We determine Officer Carney's testimony was cumulative on these issues as well.

Because the evidence to which Hall objected was cumulative to other evidence in the record, we conclude the evidence was not prejudicial. For this

reason, we determine Hall is not entitled to a new trial based on the admission of hearsay evidence. *See Elliott*, 806 N.W.2d at 669.

### III. Sufficiency of the Evidence

Hall claims there is not sufficient evidence in the record to support his convictions. We review claims challenging the sufficiency of the evidence to support a conviction for the correction of errors of law. *State v. Wickes*, 910 N.W.2d 554, 563 (Iowa 2018). We will uphold a verdict if it is supported by substantial evidence. *State v. Ortiz*, 905 N.W.2d 174, 180 (Iowa 2017). "Evidence is considered substantial if, when viewed in the light most favorable to the State, it can convince a rational jury that the defendant is guilty beyond a reasonable doubt." *State v. Ramirez*, 895 N.W.2d 884, 890 (Iowa 2017) (citation omitted). "Direct and circumstantial evidence are equally probative." *State v. Kelso-Christy*, 911 N.W.2d 663, 668 (Iowa 2018) (citation omitted).

**A.** Hall asserts there is not sufficient evidence to show he engaged in a conspiracy with Foster to deliver a controlled substance. Section 706.4 provides:

> A conspiracy to commit a public offense is an offense separate and distinct from any public offense which might be committed pursuant to such conspiracy. A person may not be convicted and sentenced for both the conspiracy and for the public offense.

This section "creat[es] a merger of the conspiracy and the substantive offense where the defendant has been found guilty of both offenses." *State v. Waterbury*, 307 N.W.2d 45, 52 (Iowa 1981). The statute provides for the merger of the convictions and sentences. Iowa Code § 706.4; *Waterbury*, 307 N.W.2d at 52.

The district court merged Hall's convictions for conspiracy to deliver a controlled substance and possession of a controlled substance with intent to

deliver.[3]  Hall was sentenced only for the offense of possession of a controlled substance with intent to deliver.  We do not consider Hall's arguments concerning the offense of conspiracy to deliver a controlled substance because he was not convicted on that offense due to the merger of convictions.

**B.**      Hall contends there is insufficient evidence in the record to support his conviction for possession of a controlled substance with intent to deliver.  He challenges the element of possession, stating there was not substantial evidence in the record to show he had knowledge of or control over the methamphetamine found in a vent in the east bedroom.

In order to prove possession of a controlled substance, the State must show a defendant "exercised dominion and control over the contraband, had knowledge of the contraband's presence, and had knowledge the material was a [controlled substance]."  *State v. Kern*, 831 N.W.2d 149, 160 (Iowa 2013).  "The State may show the defendant had either 'actual possession' or 'constructive possession.'"  *State v. Thomas*, 847 N.W.2d 438, 442 (Iowa 2014) (citation omitted).  This case involves a claim of constructive possession.

---

[3]  At the sentencing hearing, the court stated, "Now, for purposes of the record, it should be noted that Counts I and II, even though he was found guilty in Count I, II, and III, for purposes of sentencing, Counts I and II must merge by operation of Iowa law."  Under section 706.4, both the convictions and sentences must merge.  *See State v. Brown*, No. 02-0969, 2003 WL 22015985, at *9 (Iowa Ct. App. Aug. 27, 2003).  The sentencing order, however, states, "Counts I and II merge and the defendant is adjudged guilty and sentenced only in Count II."  We find the sentencing order properly merged the convictions and sentences.  *See State v. Huff*, No. 13-1477, 2014 WL 4629985, at *2 (Iowa Ct. App. Sept. 17, 2014).

When the premises where a controlled substance is found are jointly occupied, the location of the controlled substance alone is not sufficient to show possession. *Id.* at 433. We additionally consider:

> (1) incriminating statements made by a person; (2) incriminating actions of the person upon the police's discovery of a controlled substance among or near the person's personal belongings; (3) the person's fingerprints on the packages containing the controlled substance; and (4) any other circumstances linking the person to the controlled substance.

*Id.* "These factors are not exclusive, however, and merely act as a guide." *Id.* "The existence of constructive possession turns on the peculiar facts of each case." *State v. Reed*, 875 N.W.2d 693, 705 (Iowa 2016).

The evidence showed Hall was renting the east bedroom from Foster. Foster testified Hall was staying in the bedroom. Hall had keys to the apartment on his person. Paperwork addressed to Hall was found in a shirt pocket in the closet of the east bedroom. Hall's cell phone was on the floor next to a futon in the bedroom. Hall had access to the vent in the east bedroom where the baggie of methamphetamine was found. Additionally, there was loose methamphetamine on the top of the nightstand in the east bedroom and a digital scale. Furthermore, Foster testified she purchased methamphetamine from Hall.

Hall asserts the methamphetamine found in the vent could have been left there by a previous tenant. Foster testified that when the previous tenant moved out the carpet in the east bedroom was stained, so she purchased an area rug and tacked it down to hold it in place. She stated the area rug covered the vent. Foster did not notice any damage to the vent when she laid down the area rug. When

officers conducted the search, however, the vent was damaged. The area rug covered the floor around the vent but had been cut open directly above the vent.

We conclude there is sufficient evidence in the record to convince a rational jury that Hall had constructive possession of the methamphetamine found in the vent in the east bedroom. The quantity of methamphetamine found in the vent was not consistent with personal use but was consistent "[w]ith someone involved in drug dealing or drug trafficking." We determine there is substantial evidence to support Hall's conviction for possession of a controlled substance with intent to deliver.

**C.** Finally, Hall claims there is not substantial evidence in the record to support his conviction for failure to possess a drug tax stamp. He supports this claim by asserting he did not have possession of the methamphetamine found in his bedroom. We have determined there was substantial evidence to show Hall had constructive possession of the methamphetamine. We therefore conclude there is sufficient evidence to support his conviction for failure to affix a drug tax stamp.

We affirm Hall's convictions for possession of a controlled substance with intent to deliver and failure to affix a drug tax stamp.

**AFFIRMED.**